EX PARTE FERNANDO CRUZ.

No. 18151. Delivered November 13, 1935.

The opinion states the case.

*Frank J. Galvan, Jr.,* of El Paso, for appellant.

*Roy D. Jackson,* Dist. Atty., of El Paso, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.—The record shows that relator was confined by the Sheriff of El Paso County but fails to disclose upon what kind or character of a charge; that while he was so confined, the City-County Health Officer discovered that relator was suffering from a contagious or infectious disease, whereupon the Health Officer orally instructed the sheriff to hold relator for treatment. On the 27th of September, 1935, relator applied to the Hon. W. D. Howe, Judge of the District Court of the 34th Judicial District of El Paso County, Texas, for a writ of habeas corpus, which was granted and a hearing thereon set for the following day. At the conclusion of the testimony the court remanded relator to the custody of the County Health Officer to which order relator excepted and gave notice of appeal to this court.

Relator contends that he is entitled to his release from custody upon the following grounds: first, because there had been no complaint filed, no warrant issued or any other process of any nature charging him with any offense; second, because he was restrained of his liberty in violation of his constitutional right that no person shall be deprived of his life, liberty or property without due process of law; and third, because the City-County Health Officer had not, by any written order, defined and designated the area in which relator was to be quarantined, as provided by Art. 4455, Revised Civil Statutes.

The record shows that on September 28, 1935, the Health Officer of El Paso County made and filed a written order in which he stated that he examined Fernando Cruz and found him suffering with the disease of syphilis. He ordered Cruz placed under quarantine and defined the area within which he should be confined as the Venereal Ward of the El Paso County jail located in the city and county of El Paso, and directed Chris P. Fox, the sheriff, to keep him confined within the limits of said quarantine area until such time as he, the said Fernando Cruz, shall be finally cured and ordered discharged. At the

time the Health Officer discovered that relator was afflicted with an infectious disease he (relator) was then confined in jail by the sheriff of said county, presumably in accordance with the law, in the absence of any showing to the contrary. At the hearing and with the permission of the court, the Health Officer filed a written order stating that relator was afflicted with an infectious disease, and directed that he be detained within the quarantine area of the venereal ward of the El Paso County jail in the city of El Paso. Whether or not the relator was entitled to be released from confinement on whatever charge he may have been held by the sheriff at the time of the hearing and at the time the Health Officer made the written order directing the sheriff to hold him under quarantine, is not disclosed by the record. Hence the court was fully justified in remanding relator. As long as relator was confined by the sheriff on some other charge there was no necessity for a written order from the County Health Officer. We deem the order of the Health Officer sufficient to justify relator's detention by due process of law under Art. 4455, R. C. S.

Pending the disposition of his case on appeal, relator sought to have the court fix the amount of his appeal bond with a view of securing his release from confinement in the quarantine area, which the court declined to do. He then presented an original application for a writ of habeas corpus to one of the members of this court, but no order was made thereon at the time. However, since then his appeal from the order of the trial court remanding him was submitted to this court for final disposition.

Upon a careful consideration of the entire record we have concluded that relator was not entitled to bail pending the disposition of his case on appeal. To have complied with relator's request would virtually have nullified the purpose and object of Art. 4455, R. C. S. Article 857a, C. C. P., under which relator contends he was entitled to bail, has application to criminal cases and not to cases of this nature. To permit a person afflicted with a virulent case of small-pox, scarlet fever or other contagious and infectious diseases to run at large and mingle with the people at will pending his appeal from an order of the district judge remanding him to the sheriff or health officer to be isolated and held under quarantine during his illness seems to us not to admit of any debate.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.